UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-1016-KK** | Date: | February 15, 2019 |

Title: *L.M., et al. v. Alvord Unified School District, et al.*

---

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute and Comply with Court Orders

On October 27, 2017, Plaintiff L.M., by and through his Guardian Ad Litem Monica Marin, ("Plaintiff") filed a First Amended Complaint ("FAC") against Defendants Alvord Unified School District, Riverside County Office of Education, Kevin McCalley, Israel Avila, Francine Ramirez, and Barbara Spaulding ("Defendants") alleging violations of (1) the Americans with Disabilities Act of 1990; (2) Section 504 of the Rehabilitation Act of 1973; (3) 42 U.S.C. § 1983 (4th Amendment); (4) 42 U.S.C. § 1983 (Due Process Clause of the 14th Amendment); and (5) 42 U.S.C. § 1983 (Equal Protection Clause of the 14th Amendment). ECF Docket No. ("Dkt.") 26. On November 17, 2017, Defendants filed Answers to the FAC. Dkts. 27, 28, 29, 30.

On January 25, 2018, the Court issued a Civil Trial Scheduling Order requiring the parties to participate in a settlement conference no later than October 18, 2018. Dkt. 46. In addition, the parties were ordered to file a Joint Report regarding the outcome of settlement discussions, the likelihood of possible further discussions, and any help the Court may provide with regard to settlement negotiations "**not later than seven (7) days after** the settlement conference." Id. at 4:20-23 (emphasis in original).

The parties' Joint Report was, thus, due on October 25, 2018. The parties have failed to file a Joint Report. The parties are therefore in violation of the January 25, 2018 Order.

Consequently, under Federal Rule of Civil Procedure 41(b), the Court may dismiss this action with prejudice for lack of prosecution or for failure to comply with any court order. See Fed. R. Civ. P. 41(b). However, before dismissing this action, the Court will afford Plaintiff an

opportunity to explain his failure to file the required report as directed by this Court's January 25, 2018 Order.[1]

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for failure to prosecute and/or comply with court orders. Plaintiff shall have **up to and including February 25, 2019** to respond to this Order. Plaintiff may discharge this Order to Show Cause by filing the required Joint Report **by February 25, 2019**.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for failure to prosecute and comply with Court orders.** See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

---

[1] The Court notes on September 20, 2018, the mediator selected by the parties filed a Mediation Report stating, "A mediation did not take place because the case settled before the session occurred." Dkt. 48. However, the parties have not filed a Notice of Settlement as required by the January 25, 2018 Order. See Dkt. 46 at 4:26-27 ("If a settlement is reached, it shall be reported immediately to this Court as required by Local Rule 16-15.7."); L.R. 16-15.7 ("If a settlement is reached, counsel shall (a) immediately report the settlement to the trial judge's courtroom deputy clerk; and (b) timely memorialize the terms of the settlement.").